**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO MARTINEZ-SEREN, | No. 12-71816 |
| Petitioner, | Agency No. A200-115-388 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2015[**]
Seattle Washington

Before: FERNANDEZ, RAWLINSON, and CALLAHAN, Circuit Judges.

Petitioner Marco Martinez-Seren ("Martinez-Seren") a native of Honduras

petitions for review the Board of Immigration of Appeals' ("BIA") denial of his

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"The BIA's determination of purely legal questions is reviewed de novo." *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009) (internal quotation marks omitted). The BIA's findings of fact are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013). To reverse the BIA's decision, the petitioner must show that "'the evidence not only supports that conclusion, but compels it.'" *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1093 (9th Cir. 2002) (quoting *Sangha v. I.N.S.*, 103 F.3d 1482, 1487 (9th Cir. 1997)) (italics omitted).

1. The BIA was not compelled to find that Martinez-Seren's familial membership was a central reason for his persecution. "[T]he applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2008). There was no indication that Martinez-Seren's relationship to his sister motivated the attack on him. Rather, as the BIA correctly identified, and as Martinez-Seren testified, he was targeted by a gang for reporting

2

them to the police. Martinez-Seren's status as a brother appears fortuitous; the gang would have retaliated against him for reporting them to the police if he had been an acquaintance or a stranger. While it is true that Martinez-Seren's motive in reporting the assault to the police may have been his close relationship to his sister, case law has clarified that it is the persecutor's motive that is paramount. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1089 (9th Cir. 2013) (en banc) ("[I]n the context of persecution, we believe that the perception of the persecutors may matter the most."). Thus, the BIA did not err in finding that Martinez-Seren did not suffer persecution on account of his familial relationship.

2.     Nor was the BIA compelled to find that Martinez-Seren had a well-founded fear of future persecution. "To demonstrate a well-founded fear of future persecution, the alien must establish that her fear is both subjectively genuine and objectively reasonable." *Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir. 2007). "An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident." *Hakeem v. I.N.S.*, 273 F.3d 812, 816 (9th Cir. 2001), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 743–44 (9th Cir. 2008) ("[T]he fact that a family member has remained unharmed since he left El

3

Salvador is 'substantial evidence' supporting the Board's finding that Santos–Lemus lacks a well-founded fear of future persecution based on family membership."), *overruled on other grounds by Henriquez-Rivas*, 707 F.3d at 1093.

Here, the BIA concluded that Martinez-Seren's fear was not objectively reasonable given that his older sister, brother-in-law and brother lived in Honduras relatively unharmed. Furthermore, the presence of a police station and lessened interest by the gang in Martinez-Seren's whereabouts support the BIA's decision. Although the BIA *could* have found that Martinez-Seren had a well-founded fear of future persecution, it was not *compelled* to. *See Molina-Estrada*, 293 F.3d at 1095. Thus, the BIA's factual findings are supported by substantial evidence.

**PETITION FOR REVIEW DENIED.**